IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARNOLDO LOPEZ, | § | |
|    Movant | § | |
| | § | |
| V. | § | A-07-CA–541 LY |
| | § | (A-04-CR-209 LY) |
| UNITED STATES OF AMERICA, | § | |
|    Respondent | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

     Before the Court are: Arnoldo Lopez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 and Movant's Supplemental Attachment, filed on July 5, 2007 (Clerk's Crim. Doc. Nos. 65 & 66); the Government's Response, filed on September 20, 2007 (Clerk's Crim. Doc. No. 73); and Movant's Reply, filed on October 9, 2007 (Clerk's Crim. Doc. No. 74). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I.    GENERAL BACKGROUND**

     On September 9, 2004, Movant Arnoldo Lopez ("Movant") pled guilty, pursuant to a Plea Agreement, to a one-count information charging Movant with unlawful distribution of heroin, and the death of Tracey Leigh Crossett, a seventeen-year-old girl, which resulted from the use of such substance. The information further charged that Movant committed the violation after one or more prior convictions for a felony drug offense and that Movant possessed a firearm. These actions and

circumstances were in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. On April 15, 2005, the District Court sentenced Movant to 420 months imprisonment (a sentence less than the mandatory statutory term of life imprisonment), a 12 year term of supervised release, a $10,000 fine and a $100 special assessment fee. Movant filed a direct appeal of his Conviction and Sentence arguing that he was denied the effective assistance of counsel. On July 26, 2006, the Court of Appeals for the Fifth Circuit affirmed Movant's Sentence and Conviction. *See United States v. Lopez*, Slip. Op., No. 05-50602 (5th Cir. May 26, 2006).

Movant has now filed the instant motion under 28 U.S.C. § 2255 arguing that: (1) he was denied the effective assistance of counsel; (2) his conviction was obtained in violation of the privilege against self-incrimination; and (3) the District Court lacked jurisdiction to impose a sentence enhancement under 21 U.S.C. § 851.

## II.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that

the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, it should be noted that a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary. *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

### III.  DISCUSSION

A.   **Was Movant Denied the Effective Assistance of Counsel?**

Movant argues that he was denied the effective assistance of counsel because his attorney: (1) failed to challenge the District Court's jurisdiction to impose a sentence beyond the statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C); (2) failed to file a motion to suppress his confession; and (3) advised him to waive his appeal rights as part of his Plea Agreement.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

3

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)). The Court will now address each of Movant's ineffective assistance of counsel claims below.

### 1.   **Waiver of Appellate Rights**

Movant argues that he was denied the effective assistance of counsel because his attorney advised him to waive his appeal rights as part of his Plea Agreement. The two-part Strickland test applies to guilty pleas in which ineffective assistance of counsel is alleged. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To satisfy the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 60. Movant has failed to make such a showing.

The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). *See also*, *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997) ("So long as a plea is informed and voluntary, we will enforce a waiver of appeal."), *cert. denied*, 522 U.S. 1152 (1998). In order to be valid, a defendant's waiver of his right to appeal must be informed and voluntary. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Specifically, a defendant

4

must know that he had a "right to appeal his sentence and that he was giving up that right." *Id*. at 568.

In the instant case, Movant's Plea Agreement informed him of the right to appeal his sentence and that by entering into the plea agreement, he would forfeit that right. Movant's Plea Agreement specifically provided the following:

> [T]he Defendant agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The Defendant expressly waives the right to appeal his sentence on any ground, other than for ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension. Similarly, the Defendant agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.

Plea Agreement at ¶ 7. Nowhere in the record is there any indication that Movant did not understand or was confused by the waiver-of-appeal provision. In fact, at Movant's guilty plea proceeding, Movant confirmed that he had read the agreement and that he understood that he was agreeing to waive his rights to appeal. After Movant's Plea Agreement was read into the record at Movant's guilty plea proceeding, movant informed the Magistrate Court that he understood and agreed to the Plea Agreement. *See* Guilty Plea Transcript at p. 11, Exhibit 4 to Government's Response. The Court also specifically advised Movant that by entering his plea he was waiving his right to appeal his conviction or sentence except with regard to a claim of ineffective assistance of counsel or prosecutorial misconduct. *See Id.* at p. 17-18. Movant informed the Court that he fully understood this provision of his Plea Agreement and that he agreed to waive those rights. *See Id.* "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Based upon

the foregoing, Movant's waiver-of-appeal provision was clearly informed and voluntary and thus is enforceable in this case.

Regarding his claim that his attorney was ineffective for agreeing to a waiver of Movant's appeal rights, Movant fails to acknowledge that his attorney negotiated a Plea Agreement in which Movant waived his appeal rights in exchange for the Government's consideration of filing a motion for downward departure so that Movant could be sentenced below the statutory mandatory minimum sentence of life imprisonment. The Government indeed filed a "Motion to Provide the Court with Authority to Impose a Sentence Below the Statutory Minimum Sentence Pursuant to 18 U.S.C. § 3553(e)" recommending that the District Court sentence Movant to 35 years imprisonment. *See* Clerk's Docket No. 47. The District Court adopted the Government's recommendation and sentenced Movant to 35 years (420 months) imprisonment, a sentence below the statutory mandatory minimum sentence of life imprisonment. Movant cannot show that "but for counsel's errors," he would not have pleaded guilty and would have insisted on going to trial in light of the fact that he would have been facing a mandatory sentence of life imprisonment. Accordingly, Movant has failed to establish that his attorney denied him the effective assistance of counsel with regard to this issue.

### 2.   Alleged Coerced Confession

Next, Movant argues that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress his confession on the grounds that his confession was coerced, he was under the influence of heroin at the time of the confession and that he never waived his *Miranda* rights. Movant has offered no evidence to support these allegations, and thus cannot establish that his attorney was deficient for failing to file a motion to suppress his confession on these grounds.

Moreover, the record before the Court contradicts Movant's allegation that his confession was involuntary or that he was not guilty of the crimes alleged in the Information. For example, during Movant's guilty plea proceeding, Movant acknowledged that after he was arrested he was read his *Miranda* rights, knowingly and voluntarily waived those rights and then confessed to the charges set forth in the Information. *See* Rearraignment at 22-23. Specifically, Movant admitted that he distributed heroin to Rick Federmann on almost a daily basis from January until June 2004 and that he knew that Federmann distributed the heroin to other individuals. PSR at ¶11. Movant also admitted to all allegations contained in the factual basis which he signed and was read into the record at his guilty plea proceeding. Namely, Movant again admitted that he was a heroin dealer and that he sold heroin to Rick Federmann on a daily basis from January 2004 until June 2004. Rearraignment Tr. at 24. He further admitted that a portion of the heroin sold to Federmann was used by Tracey Crossette which caused her death on April 10, 2004. *Id.* at 24-27. After the Information was read into the record, Movant attested that he was pleading guilty to the Information because he was guilty and for no other reason. *Id.* at 21. At no time during the guilty plea proceedings did Movant argue that his confession was coerced or that he was not guilty of the crimes alleged in the Information. Once again, the Court notes that "solemn declarations in open court carry a strong presumption of verity" and Movant's statements during his guilty plea proceedings refute his conclusory allegations in the instant § 2255 Motion. Accordingly, the Court finds that Movant was not deficient for failing to file a motion to suppress Movant's confession since there is no evidence in the record to support a finding that the confession was involuntary or that Movant was not guilty of the crimes alleged in the Information. "Counsel is not deficient for, and prejudice does

not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir.1990), *cert. denied*, 498 U.S. 1033 (1991).

      3.      **District Court's Jurisdiction**

Lastly, Movant argues that he was denied the effective assistance of counsel because his attorney failed to argue on direct appeal that the District Court did not have jurisdiction to sentence Movant based on the allegation that he never received notice that he was subject to increased punishment by reason of one or more prior convictions as is required by 21 U.S.C. § 851(a).

As noted, Movant was sentenced for violating 21 U.S.C. § 841(a)(1), § 841(b)(1)(C) and 18 U.S.C. § 2. Section 841(b)(1)(C) provides that if the defendant was previously convicted of a prior felony drug offense and if death or serious bodily injury results from the use of the controlled substance, the sentence for an offense involving a schedule I or II controlled substance is mandatory life imprisonment. 21 U.S.C. § 841(b)(1)(C). However, 21 U.S.C. § 851 requires that before a defendant is sentenced for such an increased punishment based on one or more prior convictions, the United States Attorney must notify the defendant of the intention to use a prior conviction to increase a defendant's sentence prior to his trial or plea. 21 U.S.C. § 851.

Despite Movant's arguments to the contrary, the Information in this case clearly notified Movant that he committed the instant drug offense "after one or more prior convictions for a felony drug offense had become final." *See* Information (Docket No. 15). Movant's Plea Agreement also referenced Movant's prior felony drug offenses. *See* Plea Agreement at 3. In addition, the Magistrate Court also notified Movant that the Information charged him with committing the underlying drug offense after prior convictions for felony drug offenses had become final and that the mandatory minimum sentence in his case was life imprisonment. Rearraignment Tr. at 6.

Movant informed the Magistrate Court that he understood all of this and agreed to plead guilty to those charges because he was guilty and for no other reason. *Id.* at 21. The PSR in this case also notified Movant of his prior convictions and gave a detailed summary of those charges. *See* PSR at 7-9. Finally, Movant's sentencing proceeding further demonstrates that Movant was fully aware of the use of his prior convictions in determining his sentence. During his sentencing hearing, the District Court pointed out that the PSR had recommended an offense level of 43 and criminal history category of VI, which would mean a sentence of life imprisonment. Sentencing Tr. at 3. Movant informed the Court that he had sufficient opportunity to review the report and that he had no objections to it. *Id.*

Based upon the foregoing, Movant was clearly notified of the fact that his prior felony drug offenses would be used in determining his sentence and that he was facing a mandatory sentence of life imprisonment. Accordingly, Movant's attorney could not have been defective in his failure to argue on direct appeal that the District Court did not have jurisdiction to impose Movant's sentence based on the alleged failure to comply with § 851. "Counsel cannot be deficient for failing to press a frivolous point" *Sones v. Hargett,* 61 F.3d 410, 415 n. 5 (5th Cir. 1995).

**B.    Movant's remaining claims regarding his sentence**

Movant argues that his conviction was obtained in violation of the privilege against self-incrimination and contends that the District Court lacked jurisdiction to impose a sentence enhancement under 21 U.S.C. § 851. As already noted, as part of his Plea Agreement, Movant waived his right to raise these types of claims in a § 2255 Motion. Specifically, in his Plea Agreement, Movant agreed to waive his right to appeal his sentence on any ground or to file a § 2255 Motion with the exception of filing claims of ineffective assistance of counsel or prosecutorial

misconduct. A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir.1994); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994). As discussed above, the Court finds that the waiver-of-appeal provision contained in Movant's Plea Agreement is fully enforceable. Accordingly, Movant has waived his right to file the above-claims in the instant § 2255 Motion.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that Arnoldo Lopez's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 65) be DENIED.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466,

472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of December, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE